IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN STOVER,

       Petitioner,

v.                                                                                                  Case No. 2:20-cv-00601

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's combined Pro-Se Emergency Motion for a Stay [and] Abeyance and Motion for Leave to Amend Petition at a Later Date (which the Clerk also docketed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254) (ECF No. 1) and Respondent's Response in Opposition (ECF No. 6). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On September 11, 2020, Petitioner filed a combined "Pro-Se Emergency Motion for a Stay [and] Abeyance and Motion for Leave to Amend Petition at a Later Date (ECF No. 1). However, as asserted by Respondent in his Response (ECF No. 6), Petitioner did not file an actual petition for a writ of habeas corpus under 28 U.S.C. § 2254; nor can the documents that he filed be construed as a § 2254 petition because they do not contain any grounds for habeas corpus relief or set forth Petitioner's attempts to exhaust his remedies

in the state courts prior to filing in this federal court.

Rather, Petitioner's motion documents merely set forth that, because of prison lockdowns due to the COVID-19 pandemic, Petitioner was being housed in the prison's gym and had no access to his case file, the law library, or assistance from a legal aide to draft a § 2254 petition. Petitioner's motion documents suggest that he did exhaust his state court remedies, but he failed to provide any specific information or evidence thereof. His motion further asserts that he did not have counsel to represent him and did not have an evidentiary hearing on any of his claims; thus, he believes that he was denied the opportunity to fully develop his claims in the state courts. (ECF No. 1 at 2-3). While Petitioner acknowledges that his case does not fall into the typical circumstances for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), because his is not a mixed petition, he "nonetheless believes that a stay is proper in the instant case" due to the circumstances surrounding his alleged inability to prepare a proper petition as addressed above. (*Id.*)

Petitioner also moved for leave to later file an amended petition, requesting that his motion document be construed as a properly filed § 2254 petition and that he be permitted to amend it once the prison lockdowns end. (*Id.* at 3). Should his motions be denied, Petitioner further requests a certificate of appealability ("COA") "due to the fact that the above circumstances are [unheard] of 'with regards to the COVID-19' which deserves encouragement to proceed further." (*Id.* at 4).

Although not then ordered by the court to respond to Petitioner's motions, Respondent filed a response in opposition thereto on September 25, 2020. (ECF No. 6). Respondent contends that Petitioner's motions should be denied because "there is no §

2

2254 petition to stay and hold in abeyance in the first instance." (*Id.* at 1). His response further asserts:

> Nothing in [Petitioner's] filing identifies any claims for relief or supporting facts—which are the basic and bare requirements for instituting a § 2254 proceeding in this forum. *See* Rule 2, *Rules Governing Section 2254 Cases in the United States District Courts*. For the same reasons, Petitioner's request to permit an amendment is without merit. There is no petition to amend. Finally, Petitioner's concern regarding timeliness is misplaced and does not merit holding a non-existent § 2254 petition in abeyance.
>
> * * *
>
> Even accepting a liberal construction of Petitioner's combined motion, he identifies no claims for relief or supporting facts. (ECF 1). In other words, his motion fails to comply with even the most basic requirements of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. It is not possible to construe Petitioner's motion as a Section 2254 petition. There are no claims. There are no alleged facts.

(*Id.* at 1-2).

Respondent further contends that Petitioner was able to file the instant motions and thus, his failure to file a "petition" document containing his claims for habeas corpus relief is significant considering that he "evidently knows what those claims are [because] he has informed the Court that they are all exhausted." (*Id.* at 2). Moreover, Respondent rightfully asserts that "nothing would prevent [Petitioner] from filing an actual § 2254 petition at a later date in time and seeking application of the equitable tolling doctrine in the event the filing is not timely." (*Id.* at 2, citing *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (noting that the one-year limitation period is also subject to equitable tolling in "'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'") (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

3

On October 8, 2020, Petitioner replied to Respondent's response. (ECF No. 7). In his reply, Petitioner contends that, in mid-August of 2020, due to the spread of COVID-19, the prison was placed on lockdown before his assigned legal aide could file a timely and proper § 2254 petition. (*Id.* at 1). He further states that, although he did not contract the coronavirus at that time, his cellmate did, and both were quarantined in the prison's gym. Petitioner further states that, realizing that he had a very short period in which to timely file a § 2254 petition, another inmate drafted the instant motions on his behalf. (*Id.*) Petitioner's reply further asserts that the prison was still on a "relaxed" lockdown at that time, including closure of the law library and, thus, he could do no research. (*Id.*) Therefore, Petitioner objects to dismissal of his case and again requests an extension of time to file a § 2254 petition. (*Id.* at 2).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ["AEDPA"], effective April 24, 1996, provides federal habeas relief to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). 28 U.S.C. § 2244(d)(1) prescribes a one-year period of limitation governing the filing of § 2254 habeas petitions that runs from the latest of one of four specified events: (A) the date on which the judgment became final, by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

4

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1); *see also Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009).

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that a § 2254 petition: "(1) specify all grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the requested relief; (4) be printed, typewritten, or legibly handwritten; and be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2, *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner's combined motions assert that, at the time he filed his motions in September of 2020, his time was running short to file a timely § 2254 petition under the AEDPA statute of limitations. However, beyond summarily stating that his state court remedies were exhausted, Petitioner did not offer any details concerning the date and place of his state court conviction and the status of any appeal or other post-conviction remedies he pursued thereafter.

More significantly, Petitioner's combined motion document fails to identify <u>any</u> grounds for habeas corpus relief and fails to otherwise comply with any of the requirements of Rule 2. Thus, it cannot be treated as a properly filed § 2254 petition. *See Mayle v. Felix,* 545 U.S. 644, 655 (2005) (Rule 2 requires an inmate to plead, with particularity, facts and details concerning "all the grounds for relief from the conviction or sentence that you challenge"); *see also Woodford v. Garceau,* 538 U.S. 202, 207 (2003) (holding that a motion for a stay of execution and motion for appointment of counsel

along with a statement of non-frivolous issues were insufficient to serve as a "pending" petition for purposes of the AEDPA); *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998) (holding that a petition that is returned as insufficient under Rule 2 of the Rules Governing Section 2255 Cases does not count as an initial petition). Furthermore, in the more than two years since he filed his combined motion, Petitioner has taken no steps to file an actual § 2254 petition, even though the prison lockdowns due to COVID-19 have largely ended and Petitioner indicated that he was working with a prison legal aide to prepare his petition. Considering that Petitioner is limited to bringing claims in his § 2254 petition that were fully exhausted in the state courts, he needed only to restate the claims that he exhausted in the state courts in his § 2254 petition, and he has failed to do so.

Consequently, even under a liberal construction, this federal court cannot properly consider Petitioner's filing herein to be a properly filed § 2254 petition. Nor can this court treat Petitioner's motions, standing alone, as a protective document that would toll the statute of limitations and allow him to later amend with a proper petition. *See Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2003) (holding that a motion seeking authorization to file a habeas petition is not an actual petition and does not toll the statute of limitations); *United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (concluding that a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely under the AEDPA's one-year statute of limitations, until such a motion is actually filed); *Wagner v. Dittman*, No. 12-cv-487-WMC, 2014 WL 505162, at *3 (W.D. Wis. Feb. 7, 2014) (finding preliminary "protective" filing was insufficient to qualify as a "pending" petition under Rule 2 and AEDPA and did not toll

6

statute of limitations).

As a result, the undersigned proposes that the presiding District Judge **FIND** that there is no proper pending § 2254 petition to hold in abeyance, or from which Petitioner may now amend, or upon which this court can determine timeliness under AEDPA. Rather, it appears that dismissal of this civil action without prejudice is warranted. While Petitioner's present documents may not be considered a proper § 2254 petition, should he subsequently file a new and proper petition in this court, as noted by Respondent, his assertions concerning his inability to previously file a proper and timely petition could be considered by the court as grounds for equitable tolling if the new filing is determined to be untimely.[1]

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's combined Pro-Se Emergency Motion for a Stay [and] Abeyance and Motion for Leave to Amend Petition at a Later Date (ECF No. 1) and **DISMISS** this civil action without prejudice.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written

---

1  The undersigned does not make any proposed finding or recommendation on whether Petitioner would be entitled to equitable tolling. This is merely a statement concerning how Petitioner may otherwise bring the issue before the court.

objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy to Petitioner, and to transmit a copy to counsel of record.

<u>June 9, 2023</u>

_____
Dwane L. Tinsley
United States Magistrate Judge