IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN STOVER,

        Plaintiff,

v.                                                  CIVIL ACTION NO.   2:20-cv-00601

DONALD F. AMES,

        Defendant.

**ORDER**

Pending before the Court is Petitioner's combined Pro Se Emergency Motion for a Stay and Abeyance and Motion for Leave to Amend Petition at a Later Date. (ECF No. 1.) By standing order entered in this case on September 14, 2020, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition ("PF&R"). Respondent Ames filed an opposition to Petitioner's combined motion on September 25, 2020, (ECF No. 6), and Petitioner filed objections to that opposition on October 8, 2020, (ECF No. 7). With briefing concluded, Magistrate Judge Tinsley filed a PF&R on June 9, 2023, recommending that this Court deny Petitioner's combined motion and dismiss this action, without prejudice. (ECF No. 12.) No objections were filed to the PF&R[1].

---

[1] The Court notes that Petitioner filed a Motion for Appointment of Counsel after the objection deadline. (ECF No. 13.) Because it contains no objections, that motion has no impact on the Court's consideration of the Magistrate Judge's PF&R. Additionally, the decision to appoint counsel is within the discretion of the Court and is only required if the Court "determines that the interests of justice" so require such appointment. 18 U.S.C. § 3006A(a)(2)(B), *see also Crowe v. United States*, 175 F.2d 799 (4th Cir. 1949). Here, there is no evidentiary hearing set and no pending petition which contains colorable claims for relief. As such, the Court finds that the interests of justice do not merit appointment of counsel, and Petitioner's Motion for Appointment of Counsel, (ECF No. 13), is **DENIED**.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusion of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal the Court's order. 28 U.S.C. § 636(b)(1), *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989), *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, the Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on June 26, 2023. (ECF No. 12.) To date, no party has submitted any objections in response to the PF&R, thus constituting a waiver of *de novo* review and the right to appeal the Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 12), **DENIES** Petitioner's combined motion, (ECF No. 1), and **DISMISSES** the case without prejudice. The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 16, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE